UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

KEVIN SOLLARS,

        Plaintiff,                            Case No. 13-12639

       v.                                 District Judge Paul D. Borman
                                                Magistrate Judge Laurie J. Michelson

GMAC MORTGAGE, LLC,
Successors in Interest or Assigns,

        Defendant.
_____/

**REPORT AND RECOMMENDATION TO GRANT DEFENDANT'S
MOTION TO SET ASIDE ORDER ADMINISTRATIVELY CLOSING CASE [8]**

In this mortgage foreclosure action, Plaintiff Kevin Sollars ("Plaintiff") alleges numerous wrongs by Defendant GMAC Mortgage, LLC ("GMAC") arising out of GMAC's refusal to give him a loan modification and the subsequent loss of his home following a Sheriff's sale. (Dkt. 1.) During the pendency of the litigation, GMAC advised the Court that it was going through Chapter 11 bankruptcy proceedings. (Dkt. 4.) As a result, District Judge Paul D. Borman administratively closed the case in its entirety. (Dkt. 7.) GMAC now moves to reopen the case with respect to the claims for non-monetary relief that are excepted from the automatic stay by the Bankruptcy Court's Final Supplemental Order. (Dkt. 8; Dkt. 4, Ex. B, Final Supp. Order.) Following referral of the motion for a report and recommendation (Dkt. 10), this Court heard oral argument on August 7, 2013. For the reasons set forth below and on the record during the hearing, this Court RECOMMENDS that Defendant's motion be GRANTED.

**I.    BACKGROUND**

GMAC removed this case to federal court on June 17, 2013. (Dkt. 1.) Three days later, GMAC filed a Motion to Dismiss and/or for Summary Judgment. (Dkt. 2.) That same day, June 20,

2013, GMAC also filed a Notice of Bankruptcy and Suggestion of Automatic Stay. (Dkt. 4.) Consequently, Judge Borman entered an order administratively closing the case until the bankruptcy court lifted the automatic stay. (Dkt. 7.)

GMAC then filed the present Motion to Set Aside Order Administratively Closing Case, advising that it "did not request nor anticipate that the Court would enter an order closing this case in its entirety." (Dkt. 8, at 2.) Defendant explains that the Final Supplemental Order entered in the GMAC bankruptcy proceedings on July 13, 2012, grants GMAC limited relief from the automatic stay to permit non-Debtor parties in foreclosure and eviction proceedings to continue to assert and prosecute certain defenses, claims and counter-claims. (Dkt. 4, ¶ 3, Ex. B.) These "permitted claims" include those asserted by a borrower, mortgagor, or lienholder that relate "exclusively to the property that is the subject of the loan owned or serviced by a Debtor [including GMAC] for the purposes of defending, unwinding, or otherwise enjoining or precluding any foreclosure, whether in a Judicial State or a Non-Judicial State, or eviction proceeding . . . ." (*Id*., Ex. B, ¶ 14(a).) Claims for monetary relief and claims "for relief that if granted, would not terminate or preclude the prosecution and completion of a foreclosure or eviction" are not permitted claims and remain subject to the automatic stay. (*Id.*, ¶ 14(b).)

Here, Plaintiff's Complaint prays for the following relief:

      A.    An order, setting aside the Sheriff's sale of the Home;

      B.    An order, staying any and all proceedings related to the Home until the matter before this Court has been resolved;

      C.    An order, rescinding the underlying mortgage loan that is the subject of this lawsuit;

      D.    In the alternative to rescission, an order, granting a reformation/modification of the Note and Mortgage at the

>     prevailing interest rates and property values in today's real estate market;
>
> E.   Awarding Plaintiff money damages incurred as a result of Defendant's actions, including treble damages;
>
> F.   Awarding Plaintiff the costs of bringing this lawsuit and attorney fees; and
>
> G.   Such other relief as this Court may deem just and proper.

(Dkt. 1, Ex. A, Compl., at 9.) Pursuant to the Final Supplemental Order, GMAC contends that the case may proceed on all claims for non-monetary relief (Paragraphs A through D). Thus, GMAC requests that the Order administratively closing the case be set aside "so that the Court may proceed to hear and determine the Dispositive Motion filed by Defendant." (Dkt. 8 at 2.) Citing the interests of judicial economy, Plaintiff seeks to continue the stay as to all claims. (Dkt. 9, Pl.'s Resp., at 2.)

## II.   ANALYSIS

The GMAC Bankruptcy Court, pursuant to its authority to grant relief from the automatic stay, *see* 11 U.S.C. § 326(d), entered a Final Supplemental Order that supports GMAC's position that this case should proceed on the "permitted claims."

Indeed, in *Brackhahn v. Beals-Eder*, No. 13-00141, 2013 WL 1342527 (D. Colo. Apr. 3, 2013), the court considered a virtually identical motion after it had stayed all proceedings when GMAC filed its Notice of Bankruptcy and Suggestion of Automatic Stay. The court found:

> Based on the final supplemental order, the non-monetary remedies sought by Plaintiffs in their prayer for relief—a declaration finding that they hold title to the property at issue in this action and are entitled to remain in possession of the property as well as an injunction precluding the Defendants, including GMAC Mortgage, from dispossessing them of the subject property—are excepted from the automatic stay and should be permitted to proceed to resolution. Plaintiffs' remaining claims, all of which seek monetary damages against GMAC Mortgage (as well as the other Defendants) are

> subject to the automatic stay and may not be prosecuted until the bankruptcy is resolved or relief from the stay with respect to such claims is granted.

*Id*. at *1. The court modified its closure order to permit the claims seeking to invalidate or unwind the foreclosure to proceed to resolution. *Id*. at *2; *see also McKinsey v. GMAC Mortgage, LLC*, No. 13-00084, 2013 WL 3448483 (D. Colo. July 9, 2013) (adopting the recommendation of the magistrate judge and allowing the plaintiff to proceed with those claims against GMAC excepted from the automatic stay, including claims of quiet title and declaratory relief).

Plaintiff does not dispute that the Final Supplemental Order issued by the Bankruptcy Court allows his case to proceed on the permitted claims. He requests, however, "in the interest of judicial economy, as well as his personal financial interest," that "this matter remain administratively closed until such time as all of [his] claims can be heard in conjunction with one another." (Dkt. 9, Resp. at 2.) GMAC's request to reopen the case for the purpose of determining its dispositive motion does not implicate Plaintiff's concerns. If GMAC's dispositive motion is granted, there will be no further proceedings in this Court. If GMAC's motion is denied and any claims for monetary remedies survive, the Court can revisit whether to administratively close the case in its entirety or proceed with the non-monetary claims. Additionally, GMAC's counsel explained that one of the purposes of the Final Supplemental Order (and exemptions to the automatic stay) is to prevent those who have defaulted on their mortgages from continuing to remain in the property for long periods of time without making any mortgage payments. This might best explain the unique posture of this motion: a bankruptcy debtor asking for the case to go forward while a plaintiff asks for his case to be put on hold.

### III.     CONCLUSION

Accordingly, for the foregoing reasons, the Court **RECOMMENDS** that Defendant's Motion to Set Aside Order Administratively Closing Case (Dkt. 8) be **GRANTED** and the case be re-opened for the purposes of resolving Defendant's dispositive motion.

### IV.     FILING OBJECTIONS

The parties to this action may object to and seek review of this Report and Recommendation within fourteen (14) days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140 (1985); *Frontier Ins. Co. v. Blaty*, 454 F.3d 590, 596 (6th Cir. 2006); *United States v. Sullivan*, 431 F.3d 976, 984 (6th Cir. 2005). The parties are advised that making some objections, but failing to raise others, will not preserve all the objections a party may have to this Report and Recommendation. *McClanahan v. Comm'r of Soc. Sec.*, 474 F.3d 830 (6th Cir. 2006) (internal quotation marks omitted); *Frontier*, 454 F.3d at 596-97. Objections are to be filed through the Case Management/Electronic Case Filing (CM/ECF) system or, if an appropriate exception applies, through the Clerk's Office. *See* E.D. Mich. LR 5.1. A copy of any objections is to be served upon this magistrate judge but this does not constitute filing. *See* E.D. Mich. LR 72.1(d)(2). Once an objection is filed, a response is due within fourteen (14) days of service, and a reply brief may be filed within seven (7) days of service of the response. E.D. Mich. LR 72.1(d)(3), (4).

                                        s/Laurie J. Michelson
                                        LAURIE J. MICHELSON
                                        UNITED STATES MAGISTRATE JUDGE

Dated:  August 12, 2013

CERTIFICATE OF SERVICE

The undersigned certifies that a copy of the foregoing document was served on the attorneys and/or parties of record by electronic means or U.S. Mail on August 12, 2013.

                                      s/Jane Johnson
                                      Deputy Clerk